UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN VALENCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>DEAZEVEDO,[1]<br><br>        Defendant. | Case No.: 1:10-cv-01348-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 38] |

Plaintiff Efren Valencia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Defendant's motion to dismiss the second amended complaint for failure to exhaust the administrative remedies, filed December 24, 2013.

Although Plaintiff was granted an extension of time, he did not file an opposition.[2]

This action is proceeding on Plaintiff's second amended complaint against Defendant Deazevedo for exposing Plaintiff to cold temperatures and unsanitary conditions of confinement. (ECF NO. 27.) Plaintiff specifically alleges that Deazevedo confiscated Plaintiff's clothing and

---

[1] Defendant submits that Plaintiff incorrectly spelled DeAzevedo as "Deazevado." (ECF No. 38, at 1 n.1.)

[2] Plaintiff was provided with contemporaneous notice of the requirements for opposing an unenumerated Rule 12(b) motion, and the time frame within which to do so. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (ECF No. 38.)

1

blankets for a five day period and thereby exposed Plaintiff to temperatures so cold that it prevented Plaintiff from sleeping. Plaintiff also alleges that Deazevedo forced Plaintiff to sleep on a "fetid, torn mattress" that gave Plaintiff scabies and did not give Plaintiff access to hygiene supplies such as toilet paper and soap. (Id.)

# I.

# DISCUSSION

### A.    Motion to Dismiss for Failure to Exhaust

#### 1.    Legal Standard

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Stratton, 697 F.3d at 1008; Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

#### 2.    California Department of Corrections and Rehabilitation Inmate Appeals Process

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an

adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level.[3]  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.

### B. Defendants' Motion to Dismiss For Failure to Exhaust

Defendant argues that between the date of the incident, January 22, 2010, and July 28, 2010 (the date Plaintiff filed this civil rights action), Plaintiff did not submit any inmate appeal alleging that he was confined for at least five days in a cold cell without clothing, footwear, sheets, blankets and hygiene items.  Defendant further argues that although Plaintiff submitted an appeal on May 4, 2010, complaining that his mattress was stained and torn, there was no allegation that the mattress gave him scabies.  In addition, Plaintiff withdrew the appeal on June 29, 2010, after he received a new mattress on June 25, 2010.

Based on the evidence submitted by Defendant, the Court finds that Plaintiff has failed to exhaust to properly exhaust his administrative remedies prior to bringing this suit as required.  Jones v. Bock, 549 U.S. at 211; McKinney v. Carey, 311 F.3d at 1199-1201.  Defendant submits the declaration of J. Zamora, acting Chief of the Office of Appeals (OOA), who searched the Inmate/Parolee Appeals Tracking System (IATS) for appeals filed by Plaintiff and accepted at the Third Level of Review which allege that beginning on January 22, 2010, he was confined for at least five days in a cold cell at California Substance Abuse Treatment Facility (SATF), in Corcoran, California, without clothing, footwear, sheets, blankets and hygiene items.  (Decl. of J. Zamora at 2:5-24; 3:1-2.)  J. Zamora did not discover any accepted appeals relating the detention in a cold cell for five days without clothing, footwear, sheets, blankets and hygiene items.  (Id.)  Nor did J. Zamora

---

[3] The regulations were amended in 2011.  Cal. Code Regs. tit. 15, § 3084.7.

3

1  discover any accepted appeals contesting the conditions of confinement at SATF for that same period
2  of time.  (Id.)

   Defendant also submits the declaration of J. Cota, Appeals Coordinator at SATF.  J. Cota
4  searched the IATS for appeals submitted by Plaintiff while at SATF for the period of January 22, 2010
5  through July 28, 2010.  (Decl. of J. Cota, at 2:14-22, Ex. A.)

6   During this time frame, Plaintiff filed an inmate appeal on April 1, 2010, relating to charges
7  on his trust account for court forms-appeal withdrawn on June 7, 2010 (Id. at Ex. B.); (2)

8  Plaintiff filed an inmate appeal on April 8, 2010, informing staff that he did wish to be housed
9  with another inmate because he would be "assaulting all cellmates indefinitely."  This appeal denied at
10 the third level of review on December 7, 2010.  (Id. at Ex. C.)

11 Plaintiff filed another inmate appeal on May 4, 2010, contending his mattress had mold,
12 contained rust stains, and was torn.  This appeal was withdrawn on June 29, 2010, after Plaintiff was
13 given a new mattress on June 25, 2010.  (Id. at Ex. D.)

14 J. Cota further searched all of Plaintiff's appeals that were screened out between January 22,
15 2010, and July 28, 2010.  J. Cota found one appeal that was screened-out during this time period.
16 (Decl. of J. Cota, Ex. E.)  The appeal was screened-out because it contained profanity, unnecessary or
17 inappropriate comments.

18 Exhibit F attached to Cota's declaration is an IATS screen shot of Plaintiff's "living
19 conditions" appeal that was received March 14, 2011, and is listed at the bottom of Exhibit A.  It was
20 screened out for failure to comply with prison procedures.  (Decl. of J. Cota, Ex. F.)

21 J. Cota declares that after a search for appeals filed by Plaintiff beginning in January 22, 2010,
22 that allege he was confined for at least five days in a cold cell without clothing, footwear, sheet and
23 blankets, no appeal was discovered.  In addition, J. Cota also searched the IATS for that same period
24 of time for screened-out appeals by Plaintiff that list "living conditions" or "staff complaints", and no
25 appeals were discovered that deal with his confinement for at least five days in a cold cell without
26 clothing, footwear, sheets, and blankets, beyond the appeal presented as Exhibit E to Cota's
27 declaration dealing with Plaintiff's defective mattress.
28 ///

The Court does not find Plaintiff's appeal alleging that his mattress was defective sufficient to exhaust such portion of Plaintiff's claim.  Plaintiff withdrew his appeal on June 29, 2010, at the first level of review because he was given a new mattress and no further appeal was filed, and his claim now by way of this 1983 complaint that he contracted scabies as a result of the contaminated mattress, is not exhausted.  Under these circumstances, the Court cannot say that Plaintiff's administrative appeal gave prison officials a fair opportunity to respond to the claim that he has now presented against Defendant DeAzevedo.  In this regard, Defendant DeAzevedo has carried his burden of raising and proving the affirmative defense of failure to exhaust the administrative remedies, and Plaintiff has failed to rebut Defendant's arguments.  Accordingly, the pending motion to dismiss based on Plaintiff's failure to exhaust administrative remedies prior to filing this action should be granted, and the action should be dismissed without prejudice.

## II.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss the complaint without prejudice for failure to exhaust the administrative remedies be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __March 17, 2014__

UNITED STATES MAGISTRATE JUDGE