UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN VALENCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>DEAZEVEDO, et al.,<br><br>        Defendant. | Case No.: 1:10-cv-01348-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>[ECF Nos. 49, 52, 56] |

    Plaintiff Efren Valencia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

    Now pending before the Court is Defendant's motion for summary judgment, filed June 11, 2014. Plaintiff filed an opposition to Defendant's motion on June 25, 2014, and Defendant filed a reply on July 17, 2014.

    This action is proceeding on Plaintiff's second amended complaint against Defendant Deazevedo for exposing Plaintiff to cold temperatures and unsanitary conditions of confinement. (ECF NO. 27.) Plaintiff specifically alleges that Deazevedo confiscated Plaintiff's clothing and blankets for a five day period and thereby exposed Plaintiff to temperatures so cold that it prevented him from sleeping. Plaintiff also alleges that Deazevedo forced Plaintiff to sleep on a "fetid, torn

mattress" that gave Plaintiff scabies and did not give Plaintiff access to hygiene supplies such as toilet paper and soap. (Id.)

## II.

## DISCUSSION

### A.   Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the

light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B. Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact.  Stratton, 697 F.3d at 1008; Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15,

§ 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

**C.     Statement of Undisputed Facts[1]**

1. This action was commenced on March 25, 2010, the date Plaintiff filed his original complaint.
2. Plaintiff is a state inmate.
3. During all relevant times, Plaintiff was an inmate at California Substance Abuse Treatment Facility ("SATF").
4. DeAzevedo is a correctional officer at SATF.
5. Plaintiff alleges SATF correctional officer DeAzevedo deprived Plaintiff of clothing and blankets and exposed him to cold temperatures and unsanitary conditions of confinement.
6. Plaintiff alleges that on January 22, 2010, he was placed on "management status" by DeAzevedo "for refusing an incompatible cellmate."

---

[1] In his opposition, Plaintiff states all the "statements and facts by the Defendant are contested by the Plaintiff and are not agreed upon." (ECF No. 52, Opp'n at 2.) Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 56-260(b). Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by plaintiff's verified complaint. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence). A verified opposition to a motion for summary judgment may also be considered as an opposing affidavit for purposes of the summary judgment rule if it is based on facts within the pleader's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998). However, because Plaintiff's opposition, itself, was not verified, it cannot be treated as an opposing affidavit. Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006). However, Plaintiff's declaration attached to his opposition is verified and shall be considered as an opposing affidavit.

4

| | | |
|---|---|---|
| 1 | 7. | Plaintiff alleges that DeAzevedo took away Plaintiff's clothing, blankets, footwear, and hygiene supplies as "punishment." |
| 2 | 8. | Plaintiff alleges that DeAzevedo did not provide Plaintiff with any blankets and there was no "heat made available in the cell." |
| 3 | 9. | Plaintiff alleges that DeAzevedo deprived Plaintiff of clothing and blankets for at least five days without supervision during winter season. |
| 4 | 10. | Plaintiff alleges that DeAzevedo forced Plaintiff to sleep on a "fetid, torn mattress" that gave Plaintiff scabies. |
| 5 | 11. | The Inmate Appeals Tracking System ("IATS") is a database containing all non-medical appeals that have been received by the appeal office for assignment or screened out for failure to comply with the proper procedure. |
| 6 | 12. | The IATS reveals that Plaintiff had used the inmate appeal process at SATF numerous times before and after January 22, 2010. |
| 7 | 13. | The IATS also reveals that between September 2009, and August 2010, Plaintiff successfully exhausted three appeals while at SATF. |
| 8 | 14. | Plaintiff filed an inmate appeal on April 1, 2010, relating to charges on his trust account for court forms: Inmate Appeal Log No. SATF-Z-10-1460. |
| 9 | 15. | Inmate Appeal Log No. SATF-Z-10-1460 was withdrawn on June 7, 2010. |
| 10 | 16. | Plaintiff filed an inmate appeal on April 8, 2010, informing staff that he did not wish to be housed with another inmate: Inmate Appeal Log No. SATF-Z-10-01321. |
| 11 | 17. | Inmate Appeal Log No. SATF-Z-10-01321 was denied at the Third Level of Review on December 7, 2010. |
| 12 | 18. | Plaintiff submitted an inmate appeal on May 4, 2010, complaining of the unsanitary condition of his mattress: Inmate Appeal Log No. SATF-Z-10-01943. |
| 13 | 19. | Plaintiff received a new mattress on June 25, 2010. |
| 14 | 20. | Plaintiff withdrew Inmate Appeal Log No. SATF-Z-10-01943 on June 29, 2010. |
| 15 | 21. | On June 3, 2010, one inmate appeal filed by Plaintiff was screened-out. |
| 16 | 22. | The screened-out appeal concerned staff complaints. |

23. The appeal was screened-out because it contained profanity, unnecessary or inappropriate comments.

**D.  Exhaustion of Administrative Remedies as to Claims in First Amended Complaint**

1. <u>Availability of Administrative Remedy to Plaintiff</u>

At the relevant times to this dispute, Plaintiff has been an inmate at the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff was aware of and utilized the inmate appeals process through the third and final level of administrative review.  (UMF 12; Decl. of J. Corral Ex. A; Decl. of J. Zamora Ex A.)  Thus, there is no dispute that Plaintiff was aware of and utilized the administrative remedy process available to him.  <u>Albino v. Baca</u>, 747 F.3d at 1173-1176.

2. <u>Plaintiff Failed to Properly Exhaust the Administrative Remedies</u>

**a.  Amendment of Complaint**

Plaintiff filed the instant action on March 25, 2010.  The Court must determine whether Plaintiff exhausted the administrative remedies regarding his claims against Defendant DeAzevedo prior to that date, and if not, whether Plaintiff may be excused from the prefiling exhaustion requirement.  See <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 823-824 (9th Cir. 2010); <u>Rhodes v. Robinson</u>, 621 F.3d 1002, 1005 (9th Cir. 2010) (reaffirming the rule that a new claim must be exhausted before it is first introduced in federal court).

Although in this instance, Plaintiff filed a second amended complaint on October 11, 2012, no new unexhausted claims were added to those raised in the initial complaint.  <u>Rhodes v. Robinson</u>, 621 F.3d at 1005-1006.  Plaintiff's second amended complaint was submitted in response to the court's holding that Plaintiff has previously failed to state sufficient facts giving rise to a constitutional violation under the Eighth Amendment, and order to cure the deficiencies identified by the court or suffer dismissal of the action for failure to state a cognizable claim.  Thus, it is clear from Plaintiff's second amended complaint that the claim against Defendant arose on or about January 22, 2010, just over two months before the initial complaint was filed on March 25, 2010.

**b.  Allegations of Second Amended Complaint**

In the second amended complaint, Plaintiff contends that on January 22, 2010, he was placed on "management status" by Defendant DeAzevedo for refusing to house with an incompatible

1 cellmate. Plaintiff's property, including his legal materials, clothing, blankets and hygienic supplies, was taken away as "punishment." Plaintiff was subsequently deprived of clothing and blankets for at least five days without any supervision during the winter season. DeAzevedo did not provide Plaintiff with any blankets and there was no "heat made available in the cell." DeAzevedo also deprived Plaintiff of access to hygienic supplies such as toilet paper and soap. He was also deprived of "stationary supplies" and refused to provide a "grievance form" upon request. DeAzevedo also provided Plaintiff with a "fetid, torn mattress" that "gave the Plaintiff scabies." Plaintiff further contends he was forced to walk barefoot to the shower "on steel stairs that are painful to bare feet" and were slippery.

      c.      **Conditions Within Cell**

Defendant submits evidence that a search of the IATS database reveals that between January 22, 2010, and March 25, 2010, Plaintiff did not file any inmate appeals alleging that he was confined for at least five days in a cold cell without clothing, footwear, sheets, blankets and hygiene supplies. (Decl. of J. Zamora ¶¶ 4-5, Ex. A; Decl. of J. Corral ¶¶ 6-9.)

To defeat Defendant's motion, Plaintiff must demonstrate that there is a genuine dispute over a material issue of fact as to whether he actually exhausted available remedies, or as to whether he should be excused from the exhaustion requirement. Plaintiff's opposing declaration that at some unspecified time, he submitted a "living conditions" appeal to an unidentified person who failed to return it, is insufficient. Plaintiff cannot defeat summary judgment by setting forth sweeping assertions that he has been systematically subjected to improper screen-out tactics, including failure to log appeals that were screened out and return of appeals for failing to follow the proper procedure. (ECF No. 52, Opp'n at 2, 4; Decl. of Plaintiff at 1-2.) Plaintiff fails to provide a copy of the appeal, or describe the issues contained in the appeal, other than the vague claim it related to "living conditions." Because Plaintiff's conclusory and unsupported declaration does not raise a genuine issue of material fact, it remains undisputed that administrative remedies remained available to Plaintiff prior to his filing of this action relating to the claim regarding the conditions in his cell beginning on January 22, 2010.

///

1    Plaintiff asserts in a conclusory fashion that administrative remedies were "unavailable" to him
2 because the appeals coordinator improperly screened out his appeals by citing to regulations that were
3 inaccessible to Plaintiff.  In <u>Sapp v. Kimbrell</u>, 623 F.3d 813 (9th Cir. 2010), the Ninth Circuit set out a
4 two-step approach to demonstrate improper screening which renders administrative remedies
5 "effectively unavailable."  <u>Id.</u> at 823.  Under <u>Sapp</u>, "[t]he inmate must establish (1) that he actually
6 submitted a grievance or grievances that, if pursued through all levels of administrative appeals, would
7 have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials
8 screened his grievance or grievances for reasons inconsistent with or unsupported by applicable
9 regulations.  <u>Id.</u> at 824.  In this instance, Plaintiff does not submit any evidence showing that any
10 appeal relevant to the claims in this lawsuit was ever screened out, improperly or not.  There is also no
11 support in the record for Plaintiff's contention that administrative remedies were unavailable to him.

12    Defendant has produced evidence of Plaintiff's screened-out appeals.  The Appeals
13 Coordinator, J. Corral searched all of Plaintiff's appeals. (Decl. of J. Corral ¶ 7.)   An appeal was
14 received on June 3, 2010, more than two months after the original complaint was filed.  (<u>Id.</u> at Ex. E.)
15 In addition, the appeal was screened-out because it contained profanity, unnecessary or inappropriate
16 comments.  (<u>Id.</u>)  An appeal that contains profanity or unnecessary and inappropriate comments is
17 properly screened out.  Cal. Code Regs., tit. 15, §§ 3084.3(b)(8); 3084.4(b).  A subsequent appeal,
18 categorized as "living conditions" was received on March 14, 2011, approximately a year after filing
19 the instant action.  (<u>Id.</u> at Ex. F.)  Neither appeal could have exhausted Plaintiff's claim because both
20 were received after the original complaint was filed.

21    In opposition to Defendant's motion, Plaintiff submits the following in his declaration:

> I, the Plaintiff, Efren Valencia, did try to appeal at the first level, at Corcoran, S.A.T.F. while housed in the E.I. Ad/Seg, in the year 2010, pertaining to the unconstitutional living conditions more than once. When Plaintiff could not get a response, Plaintiff sent a 602 to Sacramento, addressed to the Chief of Appeals, indicating that Plaintiff's appeal was not being answered at the first level and that's why Plaintiff was bringing the issue of living conditions straight to the Chief of Appeals. That appeal was logged and sent out. The appeal came back from the Chief of Appeals through legal mail indicating that it was screened out due to not going through the first level.

27 (ECF No. 52, at 7-8.)

Although Plaintiff contends that an appeal was mailed back to him, he fails to submit the alleged appeal or the screen-out letter as evidence in support of his statement in his opposition and accompanying declaration. (ECF No. 52, at 7-8.) Despite the year, Plaintiff gives no information as to when he submitted the appeal to the first level, or when he mailed it to the Chief of Appeals. Furthermore, Plaintiff does not identify to whom he gave the alleged appeal, or how he submitted it for first level review. In addition, Plaintiff makes reference only to the appeal relating to "living conditions," and provides no further details as to the actual issues presented in the appeal. Other than his conclusory assertion, this claim is not supported by evidence or specific detail. These bare assertions of an inability to exhaust administrative remedies are insufficient. See, e.g., Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (conclusory allegations, unsupported by evidence are insufficient to defeat a motion for summary judgment); see also Villarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (no "genuine issue" of fact if only evidence presented is the "uncorroborated and self-serving" testimony of the opposing party). It is also noteworthy that Plaintiff claims the institution's appeal system is faulty, but does not dispute the fact that he has successfully pursued and exhausted other appeals. Accordingly, Defendant's motion to summary judgment as to this claim should be granted.

### d. Claim Regarding Mattress

Plaintiff did file an appeal on May 4, 2010, Log No. 10-01943, complaining of the unsanitary conditions of his mattress. (ECF No. 49, Decl. of J. Corral, Ex. D.) The issue here is whether Plaintiff provided enough information in his appeal to allow prison officials to take appropriate responsive measures against Defendant DeAzevedo. See Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009).

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d at 822-23. "[T]he prisoner need only provide the level of detail required by the prison's regulations," and during the relevant time period, "[t]he California regulations require[d] only that an inmate describe the problem and the action requested." Id. at 824 (citations and internal quotation marks omitted). While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem. Griffin v. Arpaio, 557 F.3d at 1120; accord Akhtar v. Mesa, 698 F.3d 1202, 1211 (9th Cir. 2012).

Thus, Plaintiff's appeal sufficed if it alerted the prison to the nature of the wrong for which redress is now sought. Sapp, 623 F.3d at 824 (quotation marks omitted).

In the appeal, Log No. 10-01943, Plaintiff describes the problem and specifically states that his "mattress is in an unsanitary condition, it has mold and rust stains. It is also ripped open with the soft cushion exposed." (ECF No. 49, Decl. of J. Corral, Ex. D.) In the action requested, Plaintiff states, "I need a mattress with a protective plastic coating that can be kept periodically clean by being wiped down." (Id.) In his amended complaint, DeAzevedo also provided Plaintiff with a "fetid, torn mattress" that "gave the Plaintiff scabies."

The Court rejects Defendant's argument that appeal log number 10-01943 did not suffice to exhaust Plaintiff's claim against him. The relevant prison regulation required Plaintiff only to describe the problem, and in his appeal, he complained generally of the unsanitary condition of his mattress. Sapp, 623 F.3d at 824.

In the course of resolving Plaintiff's appeal, prison staff addressed Plaintiff's need and provided a new mattress on June 25, 2010. (ECF No. 49, Decl. of J. Corral, Ex. D.) While Plaintiff did not indicate that he contracted scabies from the mattress, Plaintiff's appeal and the responses thereto demonstrate that his mattress was in an unsanitary condition and he requested a new mattress. Given the thoroughness of the appeal review with respect to Plaintiff's mattress, Defendant's argument that Plaintiff's appeal did not suffice to place prison officials on notice as to the wrong for which redress is now sought is untenable. Akhtar, 698 F.3d at 1211; Sapp, 623 F.3d at 824.

The Court finds that Plaintiff exhausted his conditions of confinement claim as to unsanitary nature of the mattress provided by Defendant DeAzevedo and recommends Defendant's motion to summary judgment as to this claim be denied.

///
///
///
///
///
///

## III.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be DENIED as to the claim relating to the unsanitary conditions of his mattress, and GRANTED as to all other claims relating to the conditions of his confinement; and

2. The action proceed against Defendant DeAzevedo on Plaintiff's claim relating the unsanitary conditions of his mattress.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 8, 2014**

UNITED STATES MAGISTRATE JUDGE